LUTHER CARTER, CHARLOTT STOGSDILL, BILLY JOE FARLEY, CHARLOTTE WORKMAN, JAMES GOODMAN *v.* STATE OF INDIANA.

[No. 1-872A51. Filed April 17, 1975.]

*K. Edwin Applegate,* of Bloomington, *Paul J. Baldoni,* of South Bend, for appellants.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—The defendant-appellants (Goodman, Stogsdill, Farley, Workman and Carter) bring this appeal from their convictions of visiting a common nuisance.

The two primary issues raised upon appeal are:

(1) Whether the convictions were supported by sufficient evidence;

(2) Whether the criminal statute involved in this case, IC 1971, 16-6-8-7 (Burns Code Ed.), is unconstitutionally vague.

Finding no error, we affirm the decision of the trial court.

A summary of the relevant facts as viewed most favorably toward the State is as follows: Kenneth Allgood rented a house near Solsbury, Indiana from an aunt and occupied it with James Goodman, Shirley Barnett, Luther Carter, and DeWayne Johnson. From time to time all of the occupants smoked marijuana cigarettes in the house with Allgood usually furnishing the marijuana and sharing it with the others.

On March 1, 1972, the Sheriff of Greene County, a deputy and several state policemen raided the house with written permission from Allgood to search the premises. All of the defendants were found at the house and arrested. As the officers entered the house they recognized the odor of burning marijuana and subsequently found marijuana in a chair and on a coffee table in the living room and in a wooden container in a kitchen window.

Defendants were all charged with the crime of visiting a common nuisance. IC 1971, 16-6-8-7 (Burns Code Ed.). After trial to the court they were found guilty as charged and given six month sentences. This appeal follows:

The defendants first contend that the evidence was not sufficient on all elements of the crime.

As in all cases where the sufficiency of the evidence is raised on appeal, this court will not weigh the evidence or judge the

credibility of witnesses. If each element of the offense is supported by substantial evidence of probative value the judgment will be affirmed. *Moore* v. *State* (1973), 260 Ind. 154, 293 N.E.2d 28.

Defendants were convicted under IC 1971, 16-6-8-7 (Burns Code Ed.) which provides:

"Any . . . dwelling house, . . . which is used by any person for the purpose of illegally using any dangerous drug, or which is used for the illegal keeping or selling of the same, shall be deemed a common nuisance. No person shall keep or maintain such a common nuisance, nor frequent or visit such place *knowing it to be used for any said purposes.*" (Emphasis added)

The evidence clearly established that the house was a common nuisance as defined by the statute. As shown by the marijuana found during the search, the house was being used for the purpose of illegally keeping a dangerous drug. Moreover, it cannot be seriously disputed that the defendants visited the house since they were found at the house during the raid. The only issue which is raised is whether the defendants visited the common nuisance with the knowledge that it was being used for the illegal purposes.

Defendants contend that the evidence was insufficient to establish that they *knowingly* entered a common nuisance. However, the record shows that substantial evidence of probative value was presented as to each defendant sufficient to establish that they possessed the requisite knowledge.

The evidence showed that Goodman and Carter had been living in the house for a period prior to their arrests and Allgood testified that Goodman and Carter had smoked marijuana in the house. This evidence was sufficient to allow the jury to conclude that these defendants had the knowledge required to commit the offense. It must be noted that Goodman has contended that the trial court erred in permitting Allgood to testify that Goodman had smoked marijuana in the house prior to his arrest, arguing that such testimony was irrelevant and immaterial to the offense charged. We cannot agree.

That testimony was certainly relevant to the issue of whether Goodman knew that drugs were being illegally used in the house.

As for Stodsdill, Workman, and Farley, they were found at the residence at the time of the raid. Also found within the house were various quantities of marijuana and smoking equipment. These facts were sufficient to allow an inference that these defendants knew that drugs were illegally used or kept in the house, especially in light of the fact that evidence was presented to the effect that these defendants had previously visited the house.

The convictions were supported by sufficient evidence of probative value on all elements of the offense.

Defendants' second contention is that the statute under which they were convicted is unconstitutionally vague.

Our Supreme Court has stated:

". . . A statute is not unconstitutional by reason of indefiniteness if it is capable of intelligent construction and interpretation by persons who possess but ordinary comprehension, if its language conveys an adequate description of the evil intended to be prohibited." *Stanley* v. *State* (1969), 252 Ind. 37, 42, 245 N.E.2d 149, 152.

For purposes of this case, IC 1971, 16-6-8-7 (Burns Code Ed.), provides that any dwelling house used for the purpose of illegally using or keeping any dangerous drug shall be deemed a common nuisance. The statute further provides that no person shall frequent or visit such a place knowing it to be used for such purposes.

Upon our reading of that language, we cannot say that an ordinary man would not have fair notice of the particular act prohibited by the statute. The statute is not unconstitutionally vague.

The defendants raise two other issues both of which could be deemed waived because the authorities cited in support thereof are too broad to help in deciding the issues. In any event we feel that they are without merit.

The defendants cannot complain because the sentence they received was "severe". The trial court imposed punishment within the framework of the statute. It cannot, therefore. be said that following the law is reversible error.

The defendants also complain about the trial court postponing judgment in this case until all of the defendants were tried. First, we find no objection in the record to substantiate and preserve this claimed error. Second, the defendants failed to show any abuse of discretion on the part of the trial judge in following such a procedure.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.