JAMES E. MAYOTTE v. STATE OF INDIANA.

[No. 3-976A215. Filed February 17, 1977. Rehearing denied April 12, 1977. Transfer denied June 13, 1977.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *Bobby Jay Small, David P. Freund,* Deputy Public Defenders, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

HOFFMAN, J.—James E. Mayotte appeals from his conviction pursuant to IC 1971, 35-24.1-4.1-15 (Burns Code Ed.), of unlawfully and knowingly visiting a dwelling where marijuana was used.[1] After being sentenced to serve six months with

---

1. "Common nuisance.—(a) A person is guilty of common nuisance if he knowingly visits or maintains a store, warehouse, dwelling, apartment building, vehicle, boat, aircraft or any other place which is used by any person for the purpose of unlawfully using a controlled substance.

all but thirty days suspended, Mayotte filed his motion to correct errors and perfected this appeal. He urges as error that there was insufficient evidence to show that he "visited" the premises according to the charging information or that he had knowledge that a controlled substance was used therein.

When, as here, the sufficiency of the evidence to support a conviction is raised, this court looks at that evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. A verdict will not be overturned if there is substantial probative evidence from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Lindsey* v. *State* (1976), 264 Ind. 198, 341 N.E.2d 505.

In this context the record reveals that Mayotte was arrested after a lawful search was made disclosing contraband in the house where he stayed with his brother "Doug" and his sister Karen. The searching officers discovered a bag of marijuana stems in the garbage container located in "Doug's" room. A "Thai stick" of marijuana was found in the kitchen and paraphernalia was discovered in Karen's bedroom. Only appellant Mayotte's room was devoid of incriminating evidence.

Appellant first questions the propriety of the charging information relative to the evidence adduced at trial. Such information charged only that Mayotte "did then and there unlawfully and knowingly *visit* a dwelling." (Emphasis added.) It did not charge that the defendant *knowingly visits or maintains*. Accordingly Mayotte argues that since he lived at the residence and was paying 95% of the rent for the house from his unemployment checks, he could not be found to have visited what he purports to be his own home.

(b) Common nuisance is a misdemeanor punishable by a determinate term of imprisonment in the county jail of not more than six [6] months and a fine of not less than twenty-five dollars [$25.00] nor more than one hundred dollars [$100]. [IC 1971, 35-24.1-4.1-15, as added by Acts 1975, P.L. 338, § 3, p. 1793.]"

Appellant's argument mistakenly assumes that if the evidence showed that he partially *maintained* the residence it could not simultaneously show that he *visited* a dwelling. However, in the context of the remainder of the statute it is clear that the word "visits" means to come or go to a place generally. It is not confined to a concept of staying as a guest. Thus, by being in the place charged at the time charged Mayotte visited a dwelling within the meaning of the statute. *Roberts* v. *State* (1900), 25 Ind. App. 366, 58 N.E. 203.

Moreover, the evidence discloses a visit to a dwelling "which [was] used by a person for the purpose of unlawfully using a controlled substance." Since significant quantities of contraband were found on the premises where Mayotte stayed, the fact that he slept at the residence for three months and paid most of the rent during that time cannot be said to preclude a trier of fact from reasonably inferring that appellant's activities at the residence, taken as a whole, showed that he visited a dwelling which was used unlawfully within the meaning of the statute. *See, State* v. *Griffin* (1948), 226 Ind. 279, 79 N.E.2d 537.

Appellant's second contention is that the evidence was insufficient to prove he had a knowledge of the unlawful use of the house. However, Mayotte testified that he had previously smoked marijuana and that he had smoked it on the premises here in question. Such testimony was sufficient to prove the requisite knowledge. Appellant's request that a different inference be drawn from the evidence involves a question which is within the exclusive province of the trier of fact and not this court on appeal. *Richard* v. *State* (1974), 262 Ind. 534, 319 N.E.2d 118.

Accordingly the judgment of the trial court must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 360 N.E.2d 34.