Lori A. BASS and Johnny R. Snow, Appellants (Defendants Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 34A04–8701–CR–10.

Court of Appeals of Indiana, Fourth District.

Jan. 18, 1988.

James R. Fleming, Howard County Public Defender, Kokomo, for appellants.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION FOR REHEARING

PER CURIAM.

In this court's original opinion, we reversed Bass' and Snow's convictions on the basis that they were not supported by sufficient evidence. 512 N.E.2d 460. In considering whether there was sufficient evidence to infer that Bass and Snow knew that the residence they visited was used for the unlawful use of controlled substances, we stated:

Although we must look to the evidence most favorable to the judgment and the reasonable inferences to be drawn therefrom, we must also consider the uncontroverted evidence favorable to Bass and Snow.

*Id.* at 464 (*citing Murphy v. State* (1985), Ind.App., 475 N.E.2d 42 which cites *Morgan v. State* (1980), 272 Ind. 504, 400 N.E. 2d 111). In its petition for rehearing, the state contends that considering uncontradicted evidence is improper when reviewing sufficiency claims even though it is to be considered when reviewing determinations which are based upon the totality of the circumstances. *See Whitt v. State* (1977), 266 Ind. 211, 361 N.E.2d 913. We agree with the state on this point and grant its petition for the limited purpose of correcting the erroneous statement. The omission of the uncontradicted evidence in this case, however, does not alter the result reached by this court.

The uncontradicted evidence related to whether Bass and Snow knew that Cullison's residence was used for the unlawful use of controlled substances. We stated we could not infer such knowledge from the distinctive odor of burning marijuana because the uncontradicted testimony was that none had been smoked on the evening Bass and Snow were present. We further stated that knowledge could not be inferred from Bass and Snow seeing the contents of "paraphernalia" which was on the coffee table because the uncontradicted testimony of Bass was that many items were on the table and that the only item she saw was the pair of scissors which she associated with cut-out coupons. The omission of this uncontradicted testimony, however, does not result in an inference that there was a high probability Bass and Snow knew that the residence was used for the unlawful use of controlled substances.

The state never introduced evidence that the odor of burning marijuana was present. The uncontradicted evidence negating its presence therefore was unnecessary. The absence of this evidence, however, distinguishes this case from those in which knowledge has been inferred on that basis. *See e.g. Terrel v. State* (1976), 170 Ind.App. 422, 353 N.E.2d 553, *Carter v. State* (1975), 163 Ind.App. 653, 325 N.E.2d 467. In addition, the state never introduced evidence establishing that the items of paraphernalia and their contents would

have been visible from Bass' and Snow's viewpoint. It only introduced evidence establishing that one of the arresting officers, who was viewing the coffee table from the opposite angle, saw the items and their contents. In order to infer that there was a high probability that Bass and Snow knew the residence was used for the unlawful use of controlled substances, we would have to assume that because the officer saw the items of "paraphernalia" and their contents and knew the nature of the contents, so did Bass and Snow. This inference would be unreasonable. The state simply did not introduce enough evidence to establish beyond a reasonable doubt that Bass and Snow knew the residence was used for the unlawful use of controlled substances.

We also note that even if the state had introduced enough evidence to establish knowledge, the convictions required reversal. In our original opinion, we held that a conviction for visiting a common nuisance requires the state to prove that the residence was used for the unlawful use of controlled substances on more than one occasion. 512 N.E.2d at 465 (*citing Wells v. State* (1976), 170 Ind.App. 29, 351 N.E.2d 43). We further held that the state failed to prove such usage in this case. 512 N.E. 2d at 465. In its petition for rehearing, the state does not claim that we erred in this holding and thereby implicitly admits the reversal of Bass' and Snow's convictions was proper. Ind. Rules of Procedure, Appellate Rule 11(B).

For the foregoing reasons, the state's petition for rehearing is granted for the purpose of correcting our statement regarding uncontradicted evidence and is denied in all other respects.