**John L. BRASTER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9202–CR–63.

Court of Appeals of Indiana,
Third District.

July 28, 1992.

Rehearing Denied Sept. 21, 1992.

Stanley L. Campbell, Swanson & Campbell, Fort Wayne, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant John L. Braster appeals his convictions for visiting a common nuisance, a Class B misdemeanor, and resisting law enforcement, a Class A misdemeanor.

Two issues are raised for review:

(1) whether there is sufficient evidence to support defendant's conviction for visiting a common nuisance; and

(2) whether there is sufficient evidence to support defendant's conviction for resisting law enforcement.

The facts relevant to this appeal disclose that on October 6, 1989, Fort Wayne Police Officers Stoner and Kelly executed a search warrant at 506 Madison Street. The warrant had been obtained as a result of at least two prior drug sales at the location. Upon entering the home, Officer Stoner observed defendant and another man in the kitchen. Officer Stoner ordered both men to lie on the floor. Defendant refused and just stared at Stoner. Stoner attempted to push defendant to the floor but could not since Stoner was holding a shotgun in one of his hands. He then had to "sweep [defendant's] legs out from under him" to get him to the floor.

Meanwhile, Officer Kelly found paraphernalia in plain view in the lower level of the home. Officer Kelly identified the paraphernalia and its purpose at trial. The paraphernalia consisted of two glass smoking pipes, used to smoke crack cocaine; a "straight shooter"; a razor blade; a steel wire, used to pack cocaine into the "straight shooter"; and a piece of cotton for smoking crack cocaine. Officer Kelly testified that defendant was downstairs in the residence in the kitchen.

For questions of sufficiency, this Court will not reweigh the evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672. Only the evidence most favorable to the State will be considered, together with all reasonable and logical inferences to be drawn therefrom. *Id.* If there is substan-

tial evidence of probative value to support the verdict, the verdict will not be overturned.

■ The definition of visiting a common nuisance reads "[a] person who knowingly or intentionally visits a building, structure, vehicle, or other place that is used by any person to unlawfully use a controlled substance commits visiting a common nuisance, a Class B misdemeanor." IND. CODE § 35–48–4–13(a) (1991 Supp.)

This Court in *Bass v. State* (1987), Ind. App., 512 N.E.2d 460, *reh'g granted in part*, 517 N.E.2d 1238, discussed under what circumstances the evidence is sufficient to prove that a defendant knew controlled substances were used in the structure. The evidence in *Bass* consisted of drug paraphernalia in plain view and the presence of THC, marijuana, and hashish in the paraphernalia. The trial court convicted the defendants in *Bass* of visiting a common nuisance on the basis that the " 'bong and apparatus' were in plain view."

On appeal, the *Bass* Court found that while the existence of paraphernalia which is associated solely with the use of controlled substances may be probative of the issue of whether a controlled substance was used in the building, it is not conclusive on the issue of whether the defendant knew of such use "even if the paraphernalia was in plain view." *Id.* at 463. Therefore, the Court determined that there must be other evidence, in addition to the existence of the paraphernalia, which would allow the trial court to conclude beyond a reasonable doubt that defendants knew that the residence was used for the unlawful use of controlled substances.

However, the State in *Bass* did not introduce evidence that the odor of burning marijuana was present. Nor did the State introduce evidence that the paraphernalia and contents would have been visible from the defendants' viewpoint.[1] The State only established that the paraphernalia was in plain view from the police officer's viewpoint. Furthermore, the paraphernalia was among other items on the table making its presence less noticeable.[2] The Court, in affirming its decision on rehearing, stated:

"In order to infer that there was a high probability that Bass and Snow [defendants] knew the residence was used for the unlawful use of controlled substances, we would have to assume that because the officer saw the items of 'paraphernalia' and their contents and knew the nature of the contents, so did Bass and Snow [defendants]. This inference would be unreasonable. The state simply did not introduce enough evidence to establish beyond a reasonable doubt that Bass and Snow [defendants] knew the residence was used for the unlawful use of controlled substances."

*Bass v. State* (1988), Ind.App., 517 N.E.2d 1238, 1240.

The evidence in this case was less than the evidence presented in *Bass*. There was only testimony that the paraphernalia was found in the lower level of the home and that defendant was found in the kitchen in the lower level of the home. There was no evidence that the paraphernalia was found in the kitchen in the lower level of the home where defendant was present or that it was within plain view of defendant. This Court simply cannot assume from the evidence presented at trial that defendant knew that a controlled substance was being used at the residence. There must be more evidence presented from which this Court can say that there was a high probability that the defendant knew that controlled substances were being used at the resi-

---

1. The *Bass* Court distinguished all cases in which more evidence was presented than paraphernalia. In these cases, additional evidence such as the odor of a burning controlled substance was present in the residence or the defendants testified as to drug use at the residence or a quantity of a controlled substance was found. *See Carter et al. v. State* (1975), 163 Ind.App. 653, 325 N.E.2d 467; *Mayotte v. State* (1977), 172 Ind.App. 252, 360 N.E.2d 34.

2. In the *Bass* majority opinion, the Court considered "uncontradicted" evidence presented by defendants at trial. Upon rehearing, the Court admitted that this evidence should not have been considered by the Court in determining a sufficiency issue and omitted it. However, even with the omission of the evidence, the Court reached the same result. *Bass v. State* (1988), Ind.App., 517 N.E.2d 1238, 1240. Due to the Court's decision upon rehearing, this evidence will not be discussed.

dence. Therefore, defendant's conviction for visiting a common nuisance is reversed.

■ "A person who knowingly or intentionally:

(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer; ...

commits resisting law enforcement, a Class A misdemeanor...."

IND.CODE § 35–44–3–3(a)(1) (1988 Ed.) The adverb "forcibly" modifies each of the verbs which succeeds it or refers only to the first verb. *White v. State* (1989), Ind. App., 545 N.E.2d 1124, 1125. Therefore, the use of force is an essential element of resisting law enforcement as defined by the above statute. As such, it was necessary for the State to prove beyond a reasonable doubt that the defendant forcibly resisted, obstructed, or interfered with Officer Stoner while he was executing his duties as a police officer.

Officer Stoner testified that defendant remained standing after being ordered to lie on the floor. Defendant just stared at Officer Stoner. Due to the fact that Officer Stoner had a shotgun in his right hand, he was unable to push defendant to the floor using only his left hand. Therefore, Officer Stoner had to "sweep [defendant's] legs out from under him" to get defendant on the floor.

While defendant's failure to obey Officer Stoner's demand to lie on the floor is a definite resistance, obstruction, and interference with law enforcement, there was no force involved on defendant's part. Therefore, the State has failed to prove an essential element of resisting law enforcement as provided in IND.CODE § 35–44–3–3(a)(1). Defendant's conviction for resisting law enforcement must be reversed.

Reversed.

SULLIVAN, J., concurs.

STATON, J., concurs in result.