Gregory HALE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0208–CR–656.

Court of Appeals of Indiana.

March 27, 2003.

Joseph F. Thoms, Thoms & Thoms, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Gregory Hale appeals his conviction for visiting a common nuisance as a class B misdemeanor.[1] He raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction. We reverse.

The facts most favorable to the judgment follow. On May 29, 2002, three officers from the Indianapolis Police Department and Officer Jennifer Smith from the Marion Superior Court Probation Department went to the house of probationer James Blair on Park Avenue in Indianapolis. Upon their arrival, Officer Smith peered through the screen door and saw Hale and two other individuals sitting around a coffee table. She asked them if she could enter the residence. Officer Smith and the three other officers entered the residence. Inside, the officers saw an open shoebox containing what they suspected was marijuana sitting on the coffee table. The officers handcuffed Hale and the other two individuals, read them their Miranda rights, and took them into custody. Hale and the other two individuals claimed that the suspected marijuana on the coffee table was Blair's and that he would be home soon. Hale was charged with possession of marijuana as a class A misdemeanor[2] and visiting a common nuisance as a class B misdemeanor. After a bench trial, the trial court found Hale guilty of visiting a common nuisance as a

class B misdemeanor. The trial court sentenced Hale to 180 days in the Marion County Jail with two days credit.

The sole issue is whether the evidence is sufficient to sustain Hale's conviction for visiting a common nuisance as a class B misdemeanor. When reviewing a claim of sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh'g denied.* Rather, we consider the evidence most favorable to the judgment and the reasonable inferences therefrom. *Id.* We will affirm a conviction if evidence of probative value exists from which the trier of fact could find the defendant guilty beyond a reasonable doubt. *Id.*

The offense of visiting a common nuisance as a class B misdemeanor is governed by Ind.Code § 35–48–4–13(a), which provides that:

A person who knowingly or intentionally visits a building, structure, vehicle, or other place that is used by any person to unlawfully use a controlled substance commits visiting a common nuisance, a Class B misdemeanor.

Here, Hale argues that the evidence is insufficient to prove beyond a reasonable doubt that he knew that Blair's residence was used for the unlawful use of a controlled substance and, further, that the evidence is insufficient to prove that Blair's residence constituted a common nuisance. We agree that the evidence is insufficient to prove that Blair's residence constituted a common nuisance; however, we do not agree that the evidence is insufficient to prove beyond a reasonable doubt that Hale knew that Blair's residence was

---

1. Ind.Code § 35–48–4–13 (Supp.2002).

2. Ind.Code § 35–48–4–11 (1998).

used for the unlawful use of a controlled substance.

■ To convict a defendant of visiting a common nuisance, the State must prove beyond a reasonable doubt that the "defendant knew the building, structure, vehicle or other place which he visited was used for the unlawful use of a controlled substance." *Bass v. State*, 512 N.E.2d 460, 463 (Ind.Ct.App.1987), *reh'g granted in part*, 517 N.E.2d 1238, *trans. denied*. Moreover, the State must also prove beyond a reasonable doubt that the "place the defendant visited was used on more than one occasion for the unlawful use of a controlled substance." *Id.* at 464; *see also Wells v. State*, 170 Ind.App. 29, 34, 351 N.E.2d 43, 46 (1976). Specifically, the term "common nuisance" as used within the statute, necessarily requires proof of a continuous or recurrent violation. *Wells*, 170 Ind.App. at 33, 351 N.E.2d at 46.

■ We addressed these issues in *Bass v. State*, 512 N.E.2d at 461–465. There, the police arrived at a residence where the defendants were visiting. *Id.* at 461. One of the officers peered through the screen door and saw five adults, including the defendants, sitting around a coffee table. *Id.* The officers saw a bong and a pair of scissors with a burnt segment of a small white object sitting on the coffee table. *Id.* Upon entering the residence, the officers arrested the defendants for visiting a common nuisance, and the trial court convicted them of the same charge. *Id.* We reversed their convictions. In so doing, we reasoned that Ind.Code § 35–48–4–13(a) required the State to prove beyond a reasonable doubt that the defendants "knew the building, structure, vehicle or other place which [they] visited was used for the unlawful use of a controlled substance." *Id.* at 463. We concluded that "the state failed to present sufficient evidence of such knowledge in its case against

[the defendants]." *Id.; see also Sayre v. State*, 471 N.E.2d 708, 716 (Ind.Ct.App. 1984), *reh'g denied, trans. denied, cert. denied*, 475 U.S. 1027, 106 S.Ct. 1226, 89 L.Ed.2d 336 (1986). Further, we stated that a conviction for visiting a common nuisance requires that the State prove beyond a reasonable doubt that the "place the defendant visited was used on more than one occasion for the unlawful use of a controlled substance." *Id.* at 465; *see also Wells*, 170 Ind.App. at 34, 351 N.E.2d at 46. We acknowledged that evidence of paraphernalia did not "conclusively establish use and therefore cannot, in and of itself, conclusively establish repeated use." *Bass*, 512 N.E.2d at 465. Accordingly, we held that that State failed to prove beyond a reasonable doubt that defendants knew that the residence "was used for the unlawful use of a controlled substance and that the building was used for that purpose on more than one occasion." *Id.*

Hale's reliance upon *Bass* for the proposition that the State failed to establish the knowing or intentional requirement of Ind. Code § 35–48–4–13(a) is misplaced. Specifically, in *Bass*, we held that while the existence of paraphernalia associated solely with the use of controlled substances might be probative of the issue of whether a controlled substance was used in the building, it is not conclusive with respect to the issue of whether the defendant knew of such use. *Id.* at 463. Here, however, the State presented more than mere evidence of the existence of paraphernalia associated with the use of controlled substance. Rather, it presented evidence of the presence of marijuana. We cannot say that Hale, who was sitting within plain view of the shoebox full of marijuana did not have knowledge that Blair's residence was being used for the unlawful use of a controlled substance.

However, the State failed to prove beyond a reasonable doubt that Blair's residence had been used on more than one occasion for the unlawful use of a controlled substance. *Wells,* 170 Ind.App. at 34, 351 N.E.2d at 46. In fact, the State offered no evidence with respect to this element. Rather, the State argues that the legislature's 1998 amendment to Ind. Code § 35–48–4–13(b) constituted a legislative determination that the State need not prove that Blair's residence was used on more than one occasion for the unlawful use of a controlled substance. We disagree.

▮ In 1998 the legislature amended subsection (b) of Ind.Code § 35–48–4–13, which pertains to maintaining a common nuisance. Pub.L. No. 31–1998, § 11 (effective July 1, 1998). In particular, the legislature added the language "one (1) or more times." Thus, prior to the 1998 amendment, Ind.Code § 35–48–4–13(b) provided, in pertinent part, that:

> A person who knowingly or intentionally maintains a building, structure, vehicle, or other place that is used:
>
> (1) by persons to unlawfully use controlled substances;
>
> \*     \*     \*     \*     \*     \*
>
> commits maintaining a common nuisance, a Class D felony.

However, after the 1998 amendment, Ind.Code § 35–48–4–13(b) provided, in pertinent part, that:

> A person who knowingly or intentionally maintains a building, structure, vehicle, or other place that is used *one (1) or more times:*
>
> (1) by persons to unlawfully use controlled substances;
>
> \*     \*     \*     \*     \*     \*
>
> commits maintaining a common nuisance, a Class D felony.

(emphasis added). The legislature did not provide the same amendment for subsection (a) of Ind.Code § 35–48–4–13, which pertains to visiting a common nuisance. We cannot infer that the legislature intended to make the same amendment to Ind.Code § 35–48–4–13(a) that it actually made to Ind.Code § 35–48–4–13(b). Moreover, the legislature subsequently amended Ind.Code § 35–48–4–13 in 2001, but did not extend the "one (1) or more times" language to Ind.Code § 35–48–4–13(a). *See* Pub.L. No. 17–2001, § 27 (effective July 1, 2001); *see, e.g., Rush v. Elkhart County Plan Comm'n,* 698 N.E.2d 1211, 1215 (Ind.Ct.App.1998) (stating that "a court may not read into a statute that which is not the expressed intent of the legislature," and "the courts will not add something to a statute that the legislature has purposely omitted"), *trans. denied.* As such, Indiana case law discussing visiting a common nuisance and requiring proof that the place visited be used on more than one occasion for the unlawful use of a controlled substance, was not affected by the legislature's amendment. *See, e.g., Wells,* 170 Ind.App. at 33, 351 N.E.2d at 46 (stating that to convict a defendant of visiting a common nuisance the State is required to prove the existence of a continuous or recurrent violation).

The State also cites *Frye v. State,* 757 N.E.2d 684 (Ind.Ct.App.2001), *trans. denied, cert. denied,* 535 U.S. 1103, 122 S.Ct. 2308, 152 L.Ed.2d 1063 (2002), for the proposition that it is not required to prove that Blair's residence had been used on more than one occasion for the unlawful use of a controlled substance. The State's reliance upon *Frye* is misplaced. In *Frye,* the defendant did not challenge this element on appeal and, therefore, we did not address the issue of whether the residence had been used on more than one occasion

for the unlawful use of a controlled substance.

As such, the evidence is insufficient to sustain Hale's conviction for visiting a common nuisance as a class B misdemeanor. Contrary to the State's contention, to sustain a conviction for visiting a common nuisance, it is required to present evidence that the place visited was used on more than one occasion for the unlawful use of a controlled substance. Because the State did not present any such evidence, it has failed to meet its burden. Accordingly, we cannot conclude that evidence of probative value exists from which the trier of fact could find Hale guilty beyond a reasonable doubt of visiting a common nuisance as a class B misdemeanor.

For the foregoing reasons, we reverse Hale's conviction for visiting a common nuisance as a class B misdemeanor.

Reversed.

SULLIVAN and KIRSCH, JJ., concur.