**Ann E. ZUNIGA, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A02–0405–CR–411.**

Court of Appeals of Indiana.

Sept. 27, 2004.

---

11. The non-claims statute is found at Indiana Code section 29–1–14–1.

Heather McClure O'Farrell, Thomas B. O'Farrell, McClure & O'Farrell, P.C. Westfield, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Ann Zuniga (Zuniga), appeals her conviction for visiting a common nuisance, a Class B misdemeanor, Ind.Code § 35–48–4–13(a).

We reverse.

### ISSUE

Zuniga raises two issues on appeal, which we consolidate and restate as follows: whether the State presented sufficient evidence to sustain Zuniga's conviction for visiting a common nuisance.

### FACTS AND PROCEDURAL HISTORY

On June 11, 2003, Ann Zuniga (Zuniga) picked up her child's father, Robert Moore

(Moore), at 1035 Ridge Court, Carmel, Indiana. Upon arrival at the residence at approximately 8:45 P.M. Zuniga parked in the driveway and entered the home's garage through an attached side door. As Zuniga was waiting for Moore inside the garage, members of the Hamilton County Drug Task Force raided the residence pursuant to a search warrant at approximately 9:00 P.M. after receiving complaints and conducting surveillance on the home. The raid yielded evidence of illegal drug use: smoke, odor of burnt marijuana, smoking devices, rolling paper, a rolling machine, and marijuana residue. Zuniga and Moore, among others, were arrested.

On June 20, 2003, the State filed an information charging Zuniga with visiting a common nuisance, a Class B misdemeanor, I.C. § 35–48–4–13(a). On December 11, 2003, a bench trial was held. At the conclusion of the bench trial, the trial court found Zuniga guilty of visiting a common nuisance. On January 12, 2004, after a sentencing hearing, the trial court sentenced Zuniga to 180 days probation. The trial court further ordered Zuniga to complete CARE evaluation (a drug and alcohol program) and to perform 20 hours of community service to be completed within 120 days.

On January 26, 2004, Zuniga filed a Motion to Stay Execution of the trial court's sentencing order and a Notice of Appeal. The trial court denied Zuniga's Motion to Stay on January 27, 2004. Zuniga now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Sufficiency of the Evidence

Zuniga contends that the evidence presented at trial was insufficient to support her conviction. Specifically, Zuniga argues that the State failed to prove beyond a reasonable doubt that (i) she had knowledge of the common nuisance and (ii) that the common nuisance had been the location for illegal drug use on at least one prior occasion.

Our standard of review for a sufficiency of the evidence claim is well-settled. In reviewing sufficiency of the evidence claims, we will not reweigh the evidence or assess the credibility of the witnesses. Cox v. State, 774 N.E.2d 1025, 1028–29 (Ind.Ct.App.2002). We will consider only the evidence most favorable to the judgment, together with all reasonable and logical inference to be drawn therefrom. Alspach v. State, 755 N.E.2d 209, 210 (Ind. Ct.App.2001), trans. denied. The conviction will be affirmed if there is substantial evidence of probative value to support the conviction of the trier-of-fact. Cox, 774 N.E.2d at 1028–29. A judgment will be sustained based on circumstantial evidence alone if the circumstantial evidence supports a reasonable inference of guilt. Maul v. State, 731 N.E.2d 438, 439 (Ind. 2000).

Visiting a common nuisance is defined by I.C. § 35–48–4–13(a), as: "[a] person who knowingly or intentionally visits a building, structure, vehicle, or other place that is used by any person to unlawfully use a controlled substance commits visiting a common nuisance, a Class B misdemeanor."

 Zuniga first argues that the evidence is insufficient to prove beyond a reasonable doubt that she knew that the residence was used for the unlawful use of a controlled substance. To convict a defendant of visiting a common nuisance, the "state must prove beyond a reasonable doubt that the defendant knew the building, structure, vehicle or other place which he visited was used for the unlawful use of a controlled substance." Hale v. State, 785 N.E.2d 641, 643 (Ind.Ct.App.2003) (quot-

*ing Bass v. State,* 512 N.E.2d 460, 463 (Ind.Ct.App.1987), *reh'g granted in part,* 517 N.E.2d 1238, *trans. denied.*) However, we agree with the State that the evidence is sufficient to prove beyond a reasonable doubt that Zuniga knew that the residence was used for the unlawful use of a controlled substance.

Zuniga relies on *Bass* for the proposition that we cannot infer that she had knowledge of illegal drug use at the residence based upon the mere presence of marijuana and paraphernalia. *Bass,* 512 N.E.2d 460. The defendants in *Bass* were visiting a residence when the police arrived, acting on a noise disturbance complaint. Upon entering the residence, the police saw the defendant and others sitting on a couch. On the coffee table in front of the couch, the officers noticed a "bong", which contained residue of hashish and marijuana, and a pair of scissors containing a burnt segment of a small white object. In *Bass,* we held that while the existence of paraphernalia might be conclusive of whether a controlled substance was used in the residence, it is not conclusive of whether the defendant had knowledge of such use. *Id.* Nevertheless, we further stated that although we cannot infer knowledge simply from the existence of paraphernalia, we can infer knowledge from the distinctive odor of burning marijuana. *Id.* at 464. *See also Terrel v. State,* 170 Ind.App. 422, 353 N.E.2d 553, 557 (1976).

In the instant case, testimonial evidence revealed that Zuniga stepped inside the residence's garage upon arrival. Detective Aaron K. Dietz (Detective Dietz) testified that prior to the raid nobody was outside the garage area or driveway. Detective· Dietz also added that upon entering the home, he smelled burnt marijuana with the strongest smell coming from the garage where smoking devices, rolling papers, a rolling machine, residue of marijuana and blunt cigars were found. Thus, considering only the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom, we can infer beyond a reasonable doubt that based upon the strong smell of burnt marijuana Zuniga knew that the residence was used for the unlawful use of a controlled substance. *See Alspach,* 755 N.E.2d at 210; *Bass,* 512 N.E.2d 460.

■ Next, Zuniga argues that the evidence is insufficient to prove that the residence was used on more than one occasion for the unlawful use of a controlled substance. The State has the burden of proving "beyond a reasonable doubt that the place the defendant visited was used on more than one occasion for the unlawful use of a controlled substance." *Hale,* 785 N.E.2d at 643 (*quoting Bass,* 512 N.E.2d at 465). Specifically, the term "common nuisance" as used in the statute requires proof of a continuous or recurrent violation. *Hale,* 785 N.E.2d at 643 (*see Wells v. State,* 170 Ind.App. 29, 351 N.E.2d 43, 46 (1976)).

In the instant case, the State has failed to prove beyond a reasonable doubt that the residence had been used on more than one occasion for the unlawful use of a controlled substance. *Hale,* 785 N.E.2d at 644. Our review reveals that the State erroneously contends that they do not have to offer proof that the residence was the site of illegal drug use on previous occasions. The State argues that the "on more than one occasion" requirement only applies to the crime of maintaining a common nuisance. (Appellee's Brief p. 5). However, we have recently held that that the legislature did not intend to strike the meaning of "common nuisance" established by Indiana case law from subsection (a) of I.C. § 35–48–4–13 because of the amendment to subsection (b). *Id.* "Indiana case law discussing visiting a common nuisance

and requiring proof that the place visited be used on more than one occasion for the unlawful use of a controlled substance, was not affected by the legislatures' amendment," and the "on more than one occasion" requirement must still be proved beyond a reasonable doubt by the State to convict the defendant under I.C. § 35–48–4–13(a). *Id. See, e.g., Wells,* 351 N.E.2d at 46.

Based on the record and testimony of witnesses, we conclude that there is insufficient evidence of probative value to sustain Zuniga's conviction for visiting a common nuisance. Although there is sufficient evidence to prove that Zuniga had knowledge that the residence was used for the unlawful use of a controlled substance, the State failed to provide any evidence that the residence was used on more than one occasion for the unlawful use of a controlled substance. *See Hale,* 785 N.E.2d at 644. As a result, we hold that the State presented insufficient evidence to support Zuniga's conviction for visiting a common nuisance. *See Cox,* 774 N.E.2d at 1028–1029.

## *CONCLUSION*

Based on the foregoing, we find that the State presented insufficient evidence to sustain Zuniga's conviction for visiting a common nuisance.

Reversed.

CRONE, J., and VAIDIK, J., concur.