**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 13 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DECARLOS CONNELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1203-CR-141 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph Pyle, III, Judge
Cause No. 48C01-1103-FC-365

**December 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Decarlos Connell appeals his conviction of Visiting a Common Nuisance,[1] a class B misdemeanor, challenging the sufficiency of the evidence as the sole issue on appeal.

We affirm.

The facts favorable to the conviction are that early in the morning on May 22, 2010, Anderson Police Department Officer Marty Dulworth, a K-9 officer, initiated a traffic stop of a vehicle he observed driving without its headlights on. After the vehicle stopped and Officer Dulworth approached the driver's door, he smelled the odor of burnt marijuana emanating from the passenger compartment. He ordered the driver, Dewayne Streaty, to exit the vehicle. He then ordered Connell, a front-seat passenger, to exit and stand at the rear of the vehicle. A check of Streaty's license revealed that it was suspended as a result of his adjudication as a habitual traffic violator. Streaty was arrested and handcuffed. Officer Dulworth deployed his K-9 unit to sniff the vehicle. The K-9 indicated the presence of drugs at the driver's door, the passenger door, and the trunk.

Officer Dulworth searched the vehicle from the driver's door and Indiana State Trooper Matthew Wilson, who had arrived on the scene with other officers to assist, went to the passenger door. Trooper Wilson observed a burnt marijuana "blunt" on the passenger floor that appeared to have been stepped on. When Officer Dulworth informed the officers attending to Connell that the "blunt" had been located, Connell stated that he and the driver had started smoking it just before Officer Dulworth stopped their vehicle. Officer Dulworth recovered the "blunt" from the passenger-side floor.

---

[1] Ind. Code Ann. § 35-48-4-13(a) (West, Westlaw current through 2012 2nd Reg. Sess).

Upon opening the trunk lid, Officer Dulworth observed an open, large, white plastic trash bag containing clothing. He asked Connell if the clothing was his, to which Connell responded, "Yes". *Transcript* at 49. As the officer turned back to the trunk to examine the contents of the bag, Connell added "those aren't my drugs." *Id.* at 61. Officer Dulworth assumed that Connell was referring to the "blunt" that he had recovered from inside the vehicle. When the officer opened the plastic trash bag, however, he observed a clear, plastic bag lying on top containing a white, rock-like substance, yellow pills, pink pills, a bag of green, plant material, additional plastic bags, and a set of scales. The clothing in the bag was "very large". *Id.* at 79. Connell was about 5'8" tall and weighed approximately 300 pounds.

The "blunt", the white, rock-like substance, the pills, and the bag of green, plant material were submitted to the Indiana State Police laboratory for forensic analysis. The results revealed that the rock-like substance was cocaine base and weighed 2.73 grams. The pink and yellow pills were determined to contain 4-methyllenedioxymethamphetamine, also called MDMA, which is a schedule I controlled substance. The green, plant material was determined to be 1.81 grams of marijuana, and the "blunt" was found to contain 0.58 grams of marijuana.

Connell was charged with possession of cocaine as a class C felony, possession of a controlled substance as a class D felony, possession of marijuana as a class A misdemeanor, and visiting a common nuisance as a class B misdemeanor. At his bench trial, Connell admitted that the blunt was his, that he had it with him when he entered the vehicle, and that he and Streaty smoked the "blunt" in the vehicle. The trial court found Connell guilty as

3

charged.

Connell challenges only his conviction of visiting a common nuisance, contending that the evidence is insufficient to support it. Specifically, he contends the evidence did not prove that he "knew that the vehicle in which he was a passenger had been used for the unlawful use of a controlled substance" or that "the vehicle [in which he] was riding … had been used 'on more than one occasion for the unlawful use of a controlled substance.'" *Appellant's Brief* at 4. Our standard of reviewing challenges to the sufficiency of the evidence supporting a criminal conviction is well settled.

> When reviewing a claim that the evidence introduced at trial was insufficient to support a conviction, we consider only the probative evidence and reasonable inferences that support the trial court's finding of guilt. We likewise consider conflicting evidence in the light most favorable to the trial court's finding. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. Instead, we will affirm the conviction unless no reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt.

*Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). When considering a challenge to the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. *Turner v. State*, 953 N.E.2d 1039 (Ind. 2011).

I.C. § 35–48–4–13(a) provides, "[a] person who knowingly or intentionally visits a building, structure, vehicle, or other place that is used by any person to unlawfully use a controlled substance commits visiting a common nuisance[.]" To obtain a conviction for visiting a common nuisance, the State must prove "the defendant knew the building, structure, vehicle, or other place that he visited was used for the unlawful use of a controlled substance." *Traylor v. State*, 817 N.E.2d 611, 620 (Ind. Ct. App. 2004), *trans. denied*. The

4

phrase "common nuisance" "necessarily requires proof of a continuous or recurrent violation." *Id*. (quoting *Hale v. State*, 785 N.E.2d 641, 643 (Ind. Ct. App. 2003)). Therefore, the State must prove that the building, structure, vehicle, or place in question "was used multiple times for the unlawful use of a controlled substance." *Id.*

Connell points out that the car in which he was a passenger at the time of his arrest was neither his nor Streaty's – it was Streaty's mother's car. Thus, he contends, he "could not have known that Streaty's vehicle was used for the unlawful use of a controlled substance." *Appellant's Brief* at 4. In *Traylor*, law enforcement officials executed a residential search warrant and discovered a briefcase in the garage. The briefcase contained a baggie of methamphetamine and a glass pipe used for the consumption of methamphetamine. In other parts of the residence, police discovered glass pipes, some with burnt residue. Affirming a conviction for visiting a common nuisance, we determined that the jury could reasonably infer from the foregoing evidence that the residence was used more than once for the consumption of methamphetamine.

Connell admitted at the scene that the clothes in the trunk were his, but claimed before Officer Dulworth found the drugs in the bag that they were not his. This evinced Connell's knowledge of the presence of the drugs. Both Streaty and Connell testified at trial that neither put anything in the car's trunk on that day. Thus, it may reasonably be inferred that the drugs had been in the car at least the previous day. Moreover, the trier of fact could reasonably infer from the ongoing presence of the cocaine base, the MDMA, the marijuana, and the scales in the trunk that the vehicle was used on more than one occasion (i.e.,

5

"multiple times," *Traylor v. State*, 817 N.E.2d at 620) for the unlawful use of controlled substances. Again, the fact that the drugs were found in a bag of Connell's clothing supports a reasonable inference that he knew of their presence and previous use. The evidence was sufficient to support the conviction.

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.