

**FILED**

Oct 23 2020, 10:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shalee C. Dowell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 23, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2623 <br><br> Appeal from the Perry Circuit <br> Court <br><br> The Honorable Karen Werner, <br> Special Judge <br><br> Trial Court Cause No. <br> 62C01-1805-F2-361 |

**May, Judge.**

[1] Shalee C. Dowell appeals her conviction of Level 6 felony maintaining a common nuisance.[1] She presents two issues for our review, one of which we find dispositive: whether the State presented sufficient evidence to prove Dowell committed Level 6 felony maintaining a common nuisance. We reverse and remand.

## Facts and Procedural History

[2] On May 2, 2018, officers initiated a traffic stop on a gold Oldsmobile Alero after observing the vehicle drive "left of center." (Tr. Vol. II at 34.) Three people were in the car. Dowell was the driver, and the passengers were Christopher Wiseman and James Tucker. The officers decided to remove all of the vehicle's occupants in order to conduct a K9 open air sniff of the vehicle.

[3] When Dowell exited the vehicle, Officer Jason Shadwick noticed she was acting "unusually nervous." (*Id*. at 157.) While Officer Shadwick was handing Dowell's driver's license and registration to another officer, he noticed her "trying to place a stainless vial into the back of her pants." (*Id*. at 160.) Officer Shadwick intercepted the vial because "[t]hrough [his] years and experience, those are commonly used for controlled substances." (*Id*. at 161.) Officer Shadwick also removed a cell phone from Dowell's back pocket.

---

[1] Ind. Code § 35-45-1-5(c).

[4]     Next, Officer Daymion Marsh went to the passenger side of the car and asked Tucker to exit the vehicle. When Tucker did so, Officer Marsh observed a "[c]lear Ziploc bag containing several other Ziploc bags . . . [that] contained a crystal substance" on the passenger floorboard of the vehicle. (*Id.* at 39.) Officer Marsh testified that, based on his training and experience, the packaging and quantity indicated the substance was prepared for "[d]ealing purposes." (*Id.* at 42.) The substance was later tested and determined to be 16 grams of methamphetamine, in individual portions of 2.83-3.55 grams. Officers arrested Dowell, Tucker, and Wiseman.

[5]     On May 6, 2018, the State charged Dowell with Level 2 felony dealing in methamphetamine,[2] Level 4 felony possession of methamphetamine,[3] and Level 6 felony maintaining a common nuisance. On May 18, 2018, Dowell called her sister and asked her to remove a bong, electronic scales, and a glass beaker from specific places in the family's house and to put those items in a Wal-Mart bag. At Dowell's direction, Dowell's sister and mother then "went on a road trip and . . . ended up discarding the items on the side of the road in Tilden's Court." (Tr. Vol. III at 10.) Based on that incident, the trial court granted the State's motion to also charge Dowell with Level 6 felony obstruction of justice.[4]

---

[2] Ind. Code § 35-48-4-1(e).

[3] Ind. Code § 35-48-4-6(c).

[4] Ind. Code § 35-44.1-2-2(a).

[6] After a three-day jury trial commencing on August 29, 2019, the jury found Dowell guilty as charged. On October 11, 2019, the court entered convictions of Level 2 felony dealing of methamphetamine, Level 6 felony maintaining a common nuisance, and Level 6 felony obstruction of justice. The trial court merged the Level 4 felony possession of methamphetamine conviction with the dealing conviction based on double jeopardy concerns. The trial court sentenced Dowell to twenty years for Level 2 felony dealing in methamphetamine, one-and-one-half years for Level 6 felony maintaining a common nuisance, and one-and-one-half years for Level 6 felony obstruction of justice. The trial court ordered the sentences to be served consecutive to one another for an aggregate sentence of twenty-three years.

# Discussion and Decision

[7] When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the fact-finder's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the fact-finder's decision. *Id*. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the

evidence is sufficient if an inference reasonably may be drawn from it to support the fact-finder's decision. *Id*. at 147.

[8] To prove Dowell committed Level 6 felony maintaining a common nuisance, the State had to present evidence that she knowingly and intentionally maintained a building, structure, vehicle, or other place to unlawfully use, manufacture, keep, offer for sale, sell, deliver, or finance the delivery of a controlled substance. *See* Ind. Code § 35-45-1-5(a) (definition of common nuisance) & Ind. Code § 35-45-1-5(c) (elements of Level 6 felony maintaining a common nuisance). "[T]he term 'common nuisance' as used in the statute requires proof of a continuous or recurrent violation." *Zuniga v. State*, 815 N.E.2d 197, 200 (Ind. Ct. App. 2004). Dowell argues the State did not prove that she used her vehicle more than one time to possess or deal methamphetamine.

[9] The State contends it presented evidence that Dowell committed Level 6 felony maintaining a common nuisance because she sent and received several text messages from April 30, 2018, to May 2, 2018, which were related to dealing illegal drugs. Dowell sent and received multiple text messages in that time frame about the prices of certain drugs and details on how she would meet multiple people in various locations to deliver or pick up those drugs. In all of the messages, Dowell mentions the gold Alero once, in a text message on May 2, 2018, stating, "My car got repoed so I'll be in a gold alero." (State's Ex. 50.)

Officers pulled over and arrested Dowell sometime on May 2, 2018. While the messages suggest that she participated in multiple drug transactions, it is not clear from those messages what vehicle, if any, she was driving to complete those transactions. Therefore, the State proved Dowell used the gold Alero only on May 2, 2018, to transport drugs for sale. That single instance of use is not sufficient to prove Dowell committed Level 6 felony maintaining a common nuisance. *See Leatherman v. State*, 101 N.E.3d 879, 884 (Ind. Ct. App. 2018) (State did not prove Leatherman committed Level 6 felony maintaining a common nuisance because it did not present evidence that he used the vehicle more than one time to commit Level 6 felony possession of methamphetamine).

# Conclusion

The State did not prove Dowell used the Alero more than once to commit a crime, and therefore it did not present sufficient evidence she committed Level 6 felony maintaining a common nuisance. Accordingly, we vacate her conviction of and sentence for that offense.

Reversed and Remanded.

Riley, J., and Altice, J., concur.