Ann **CHINDA**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 49A02–0011–CR–752.

Court of Appeals of Indiana.

Aug. 27, 2001.

Paul T. Fulkerson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Martha Warren–Rosenfeld, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Ann Chinda appeals her conviction for Neglect of a Dependent,[1] a class C felony. Specifically, she contends that the conviction must be vacated because the State had originally charged her with Attempted Murder,[2] and

---

1. IND. CODE § 35–46–1–4.

2. IND. CODE § 35–41–5–1; IND. CODE § 35–42–1–1.

neglect of a dependent is not a lesser-included offense of the crime charged.

### FACTS

The facts most favorable to the judgment reveal that on May 21, 1999, Chinda gave birth to a baby boy and placed him in a trash dumpster at the apartment complex where she lived. The baby was later rescued when a passerby heard the child's cry. At the time, Chinda was seventeen years old. She was originally from Nigeria and grew up in a society where sexuality and pregnancy were not discussed. Chinda testified that she did not know she was pregnant and, after giving birth, Chinda assumed that the baby had been born dead.

On July 12, 1999, the State charged Chinda with attempted murder. After a bench trial, Chinda was found guilty of neglect of a dependent, a class C felony. In its ruling, the trial court stated:

> The Court does not find that the State has presented proof beyond a reasonable doubt that Ms. Chinda intended to kill the baby. In perspective, daily I get cases filed of battery where a human being shoots a gun and hits another human being and the State doesn't charge that as Attempted Murder. As the trier of fact, it is my responsibility to follow the law on reasonable doubt. The Court finds that one of the principles is there a real possibility that she did not intend to kill the baby and I think a real possibility exists.... The Court finds that the State has proven beyond a reasonable doubt, the crime of Neglect of a Dependent and finds it as a Class C felony on this basis. The Court finds specifically, that the evidence supports that the Defendant knowingly, that is aware of a high probability of the circumstances, placed the baby in a situation that endangered the baby's life or health. I do find that it resulted in bodily injury which is defined in the law as an impairment of physical condition. R. at 462–63. Chinda now appeals her conviction.

### DISCUSSION AND DECISION

In resolving Chinda's contention that her conviction must be vacated because neglect of a dependent is not a lesser-included offense of attempted murder, we first note that the State has the absolute discretion to determine the factually included lesser offenses with which the defendant will be charged. *Sanders v. State,* 704 N.E.2d 119, 122 (Ind.1999). In some instances the State may, by the words it chooses to employ in the charging instrument, determine whether a lesser offense is "included" within the crime that is charged. *Roddy v. State,* 182 Ind.App. 156, 394 N.E.2d 1098, 1106 (1979).

Lesser-included offenses are either "inherently included" in the greater offense or are "included as charged." I.C. § 35–41–1–16; *see also Downey v. State,* 726 N.E.2d 794, 799 (Ind.Ct.App.2000), *trans. denied.* A lesser offense is inherently included if it may be established by proof of less than all the material elements defining the greater offense, or if the only distinguishing feature is a lesser degree of culpability. *Downey,* 726 N.E.2d at 799. That is, an inherently lesser-included offense is one which a person necessarily commits in the course of committing the greater offense. *Meriweather v. State,* 659 N.E.2d 133, 138 (Ind.Ct.App.1995), *trans. denied.* Under the "included as charged" category of lesser included offenses, even if it is possible for the defendant to commit the charged crime without necessarily committing the lesser offense, he may still be convicted of the lesser crime if the facts as alleged in the charging instrument correlate with the elements of the lesser offense. *Id.* The element of intent is not to

be considered as distinguishing in determining whether one offense is necessarily included in another. *Id.* An offense is not factually included within the charging instrument when the State chooses to exclude *critical* elements of the crime convicted from the charging instrument. *Sledge v. State*, 677 N.E.2d 82, 86 (Ind.Ct. App.1997). A defendant may not be convicted of a lesser charge when he was only charged with the greater crime and did not receive fair notice of the charges against him. *McGowan v. State*, 671 N.E.2d 1210, 1212 (Ind.Ct.App.1996).

The elements of Neglect of a Dependent as a class D felony are: A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally: 1) places the dependent in a situation that endangers the dependent's life or health; 2) abandons or cruelly confines the dependent; 3) deprives the dependent of necessary support; or 4) deprives the dependent of education as required by law. The legislature has declared that this offense is a class C felony if bodily injury results. I.C. § 35–46–1–4(b)(1).

The information charging Chinda provided as follows:

> Ann Chinda, on or about May 21, 1999, did attempt to commit the crime of Murder, which is to knowingly or intentionally kill another human being, namely: a newborn male infant, by engaging in conduct, that is: placing said newborn male infant in a bag and putting him in a trash dumpster, with the intent to kill said newborn male infant, which conduct constituted a substantial step toward the commission of said crime of Murder.

R. at 25.

In examining the above, the State demonstrated at trial that Chinda's actions of placing the newborn in the trash dumpster subjected the baby to a dangerous life-threatening situation in accordance with the Neglect of a Dependent statute. Moreover, when Chinda left the scene, it was reasonable for the trial court to infer that she abandoned the infant and deprived him of the support that a newborn requires. Thus, such conduct satisfied the elements of the offense of neglect of a dependent, and the State's allegations set forth in the charging information implied the "inherently included" offense of Chinda neglecting a dependent. *See Leon v. State*, 525 N.E.2d 331, 332 (Ind.1988) (holding that battery may be a lesser-included offense to an attempted murder charge if the information alleges a factual physical transgression against the victim so as to satisfy the touching element of battery). Accordingly, the information charging Chinda with attempted murder, by stating all of those elements, was sufficient to inform her of the need to defend against the inherently included offense. Thus, Chinda was properly convicted of Neglect of a Dependent.

Judgment affirmed.

FRIEDLANDER, J., and ROBB, J.