Roman OCELOTL–TOXQUI,
Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A02–0212–CR–1026.

Court of Appeals of Indiana.

Aug. 15, 2003.

Ellen M. O'Connor, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Roman Ocelotl–Toxqui appeals following his convictions for Attempted Child Molesting as a Class A felony[1] and two counts of Child Molesting as Class C felonies.[2] We restate the issue he has presented for our review as whether his right to due process was violated when the trial court found him guilty of attempted child molesting after he was charged with only the completed act.

We affirm.

Ocelotl–Toxqui lived with his girlfriend, her five children, and her mother at a residence in Indianapolis for approximately five years. On June 17, 2002, L.M., the

1. Ind.Code § 35–42–4–3(a)(1) (Burns Code Ed. Repl.1998); Ind.Code § 35–41–5–1 (Burns Code Ed. Repl.1998).

2. I.C. § 35–42–4–3(b).

thirteen-year-old daughter of his girlfriend went into the bedroom where Ocelotl–Toxqui was sleeping to put something away. Ocelotl–Toxqui then got up and partially closed the bedroom door. He then told L.M. to pull down her shorts. Ocelotl–Toxqui then pulled L.M.'s shirt up and touched her breasts. L.M. then found herself inside the bedroom closet with Ocelotl–Toxqui where he pulled down her shorts and underwear and touched her vagina with his hand. L.M. testified that Ocelotl–Toxqui then attempted to place his penis inside her vagina but that she told him to stop and kept moving so that he could not penetrate her. However, L.M. testified that during this time, his penis never touched her and he did not penetrate her vagina.

Ocelotl–Toxqui finally stopped his molestation of L.M. and she pulled her shorts and underwear back up. L.M. felt something wet in her underwear and went into the bathroom to see what it was. At that time, she saw some blood but did not know where it came from or what its cause was.[3] She then told her grandmother about what had happened and also called her mother. L.M. then called the police and subsequently went to the hospital where tests were conducted and it was determined that her underwear contained sperm and blood.

Ocelotl–Toxqui was arrested for the molestation of L.M. and admitted in a taped statement to the police that he molested L.M. by fondling her. However, he denied that he committed child molestation by sexual intercourse, which was charged. After the presentation of the State's evidence, the State sought to amend the charging information for count 1 from child molesting as a Class A felony to attempted child molesting as a Class A

felony to conform with the evidence. The trial court denied that motion, but noting that an attempt is a lesser included offense of the charged crime, authorized the State to argue attempted child molesting. After the defense rested without presenting any evidence, the trial court found that the State failed to prove penetration but that the evidence was clear that Ocelotl–Toxqui attempted to penetrate L.M.'s vagina with his penis. The trial court then found Ocelotl–Toxqui guilty of attempted child molesting as a Class A felony and the two Class C felony counts.[4]

In challenging his conviction for attempted child molesting, Ocelotl–Toxqui provides many arguments to support his assertion that the manner in which he was found guilty of attempted child molesting, after being charged with only the completed act of intercourse, violated his due process. However, resolution of this issue turns upon the basic concept of whether a defendant has notice that he may be found guilty of an included offense. Therefore, it is unnecessary for us to determine such issues as whether the evidence was sufficient to support a conviction for the completed act of child molesting as a Class A felony or whether the trial court properly denied the State's motion to amend the charging information.

■■■ "In every criminal case, an accused is entitled to clear notice of the charge or charges against which the State summons him to defend." *Wright v. State,* 658 N.E.2d 563, 565 (Ind.1995). Clear notice serves the purpose of allowing an accused to prepare his defense as well as protecting him from being placed twice in jeopardy for the same offense. *Id.* When

---

**3.** L.M. testified that she was not having her period at that time.

**4.** The two Class C felony counts alleged fondling and touching of L.M.'s breasts and vaginal area.

a defendant is convicted of an included offense which was not separately charged by the State, we look to whether the accused was placed upon fair notice as to the crime against which he must defend. *McGowan v. State*, 671 N.E.2d 1210, 1212 (Ind.Ct.App.1996).

As established by our Supreme Court in *Wright*, whether or not a trial court must instruct a jury on included offenses turns upon a three-part analysis. 658 N.E.2d at 566–67. The first step is for the trial court to determine if the alleged included offense is inherently included in the charged offense. *Id.* at 566. If the alleged included offense is not inherently included in the crime charged, the trial court must determine if the alleged included offense is factually included in the crime charged. *Id.* at 567. If the alleged included offense is either inherently or factually included in the charged offense, the trial court must look to the evidence in the case to see if there is a serious evidentiary dispute about the elements distinguishing the greater from the lesser offense. *Id.* If there is a serious evidentiary dispute, the trial court, upon request by one of the parties, must give the instruction on the included offense. *Id.*

Implicit in this mandate to instruct the jury on included offenses is that a defendant may properly be convicted of an included offense by a jury even if the charging information did not list the included offense. As a corollary, if the jury may find a defendant guilty of an included offense which was not specifically charged in the information, a trial court which is conducting a bench trial may also convict a defendant of an included offense.

■■ Ocelotl–Toxqui asserts that there is a difference between a trial court and a jury finding a defendant guilty of an included offense. In his view, when a jury is instructed on an included offense, the de-

fendant is put on notice that he may be convicted of the other crime. He implies that a defendant will not be made aware of such a possibility in a bench trial, and further claims that he did not expect that the trial court would make such a finding in this case after denying the State's motion to amend the charging information. This claim fails for two reasons. The first is that the trial court, after denying the State's motion to amend, told the prosecutor that the issue of an included offense could be argued. The second is that Ocelotl–Toxqui is requesting a specific notice from the trial court about included offenses which is not, and has not been, required to be given to the defendant. Rather, the fact that a crime is either an inherently or a factually included offense is sufficient notice to the defendant to be prepared to defend against that crime. *See Chinda v. State*, 754 N.E.2d 981 (Ind. Ct.App.2001) (holding that information charging attempted murder was sufficient to inform the defendant of the need during a bench trial to defend against the crime of neglect of a dependent), *trans. denied.*

In *Ledesma v. State*, 761 N.E.2d 896 (Ind.Ct.App.2002), this court was called upon to determine whether attempted murder was an included offense of murder and whether the defendant's due process rights were violated because he received no fair notice of the attempted murder charge and consequently, could not properly defend against the charge. In *Ledesma*, the defendant was charged with murder, but at the close of evidence, the State tendered a jury instruction on attempted murder which was presented to the jury over objection. *Id.* at 898. In determining whether attempted murder was an included offense of murder for which a jury instruction was warranted, this court focused upon the language from Indiana Code § 35–41–1–16(2) (Burns Code Ed.

Repl.1998), which states that an included offense is one that "[c]onsists of an attempt to commit the offense charged or an offense otherwise included therein[.]" Based upon this language, this court concluded that an attempt crime is an inherently included offense of the completed crime. *Ledesma,* 761 N.E.2d at 899.

The *Ledesma* court also treated the defendant's assertion that his due process rights were violated by a failure to receive fair notice of the attempted murder charge. Noting that the defendant had cited no authority to support his argument, the issue was deemed waived. *Id.* at 900. Nonetheless, this court addressed Ledesma's claim and determined that he had received fair notice of the necessity to defend against the attempt charge because I.C. § 35–41–1–16(2) defined an attempt as an included offense of the crime charged.

Ocelotl–Toxqui argues that the *Ledesma* decision is incorrect in stating that in all cases, whenever an accused is charged with a crime, he is on notice that he must defend against allegations of attempt of the crime as well. As justification for this point, he asserts that in many cases a defendant may be deprived of using his only defense, that he is not guilty of the crime charged, i.e., the completed crime. For further support, he claims that a defendant would lose credibility by trying to defend himself against allegations that have not yet been alleged. This position is untenable.

Ocelotl–Toxqui's concern that *Ledesma* stands for the proposition that a defendant must be aware that he could be found guilty of an attempt crime in all cases when a completed crime is charged is incorrect. While the potential for finding guilt of an attempt crime does exist,[5] it only exists when the evidence is such that a finding could be made that the attempt was committed but the charged crime was not completed. Such is evident in our Supreme Court's determination in *Wright* that a jury be instructed on included charges only when the evidence shows a dispute between the elements of the crime charged and the included offense. 658 N.E.2d at 567.

As far as addressing Ocelotl–Toxqui's claim that he is deprived of his defense that he did not complete the charged crime but that he only attempted the crime, we must conclude that his position is legally unsupportable. While a defendant may hope to "defend" against the charge by saying "I didn't do it," the law is clear that a defendant may be convicted of an included offense of the crime charged. For Ocelotl–Toxqui, saying "I tried to penetrate L.M.'s vagina but failed" is no defense, but rather, an admission that he attempted to commit the crime but that he failed to *complete* it. Had he completed the crime, by his own admission, he would have no defense to any charge arising out of his conduct.

In this case, the medical evidence lent itself to the inference that penetration occurred. However, the victim testified that Ocelotl–Toxqui never penetrated her vagina but that he tried and she would not let him. In his taped statement to the police, Ocelotl–Toxqui admitted that he "wanted to penetrate but she would not let me." Exhibits at 42. The trial court, in reviewing the evidence, found that the State had not proven beyond a reasonable doubt that penetration had occurred, but that the evidence was quite clear that the attempt for

---

**5.** In *Crump v. State,* 259 Ind. 358, 364, 287 N.E.2d 342, 345 (1972), our Supreme Court determined that attempted arson is an included offense of arson because it is impossible to commit arson without first having attempted it. It follows in most situations that it is impossible to commit the completed crime with having first attempted it.

penetration was made. Based upon case law and I.C. § 35–41–1–16(2), the trial court correctly determined that Ocelotl–Toxqui could be and was guilty of the included offense of attempted child molesting. Based upon those same sources of law, and given that the evidence supported the attempt conviction, Ocelotl–Toxqui had fair notice that he was required to defend against attempted child molesting.

The judgment is affirmed.

BAKER, J., and DARDEN, J., concur.