Bruce STANSBERRY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–1102–CR–75.

Court of Appeals of Indiana.

Sept. 19, 2011.

508

Patricia Caress McMath, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Andrew R. Falk, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Bruce Stansberry ("Stansberry") appeals his conviction for "Attempted Resisting Law Enforcement" as a Class A misdemeanor and consequent revocation of his probation and placement in Community Corrections. He raises two issues for our review, one of which we find dispositive and reframe as whether sufficient evidence supports his conviction. We reverse and remand with instructions.

### Facts and Procedural History

On November 4, 2010, Indianapolis Metropolitan Police Officer Michael Perkins ("Officer Perkins") responded to a backup call from police officers investigating a residential burglary. When Officer Perkins arrived, he observed that an air conditioning unit was missing from the home and

had been crudely cut away. Other officers already had one suspect in custody but were expecting other suspects to return to the scene, so Officer Perkins observed the house from afar and waited.

Eventually, a pickup truck that had an air conditioning unit in the bed pulled into the driveway. Officer Perkins drove his car up to the house, exited his vehicle, approached the truck, and asked a man later identified as Stansberry for identification. Stansberry told Officer Perkins that he did not have any identification, but added that his name was "Lewis Stansberry." Officer Perkins then ordered Stansberry to walk toward him.

Stansberry had his hand in his right pocket and was reaching for something that was not readily apparent to Officer Perkins, so Officer Perkins ordered Stansberry to come to the back of the truck and place his hands on the vehicle. Stansberry replied, "not today" and started taking his clothes off. Tr. 23. He pulled his shirt over the top of his head and charged at Officer Perkins from ten feet away. Officer Perkins drew his pepper spray and announced that he would spray Stansberry if he continued moving closer. Stansberry nevertheless disobeyed and kept charging and removing his clothes, so Officer Perkins sprayed him in the face from six feet away. Stansberry continued charging; Officer Perkins moved back and sprayed him again. This time, the pepper spray blinded Stansberry, and after ten seconds of staggering around he told Officer Perkins, "I'm done" and submitted to handcuffs. Tr. 25; 55.

On November 9, 2010, the State charged Stansberry with Operating a Motor Vehicle After License Forfeited for Life (Count I) as a Class C felony, and Resisting Law Enforcement (Count II). On November 5, 2010, Marion County Community Corrections filed a Notice of Community Corrections Violation based upon this arrest, and on November 10, 2010, a Notice of Probation Violation was also filed. Stansberry waived a trial by jury and requested a speedy trial.

The bench trial took place on February 4, 2011. During the proceedings,[1] Stansberry moved the court for an involuntary dismissal on both counts of the information, and argued, as to Resisting Law Enforcement, that the State failed to prove that he forcibly resisted, obstructed, or interfered with Officer Perkins's duties. The court stated, "As to count 2, I'm going to find that the motion is well taken, but that the State can still proceed on attempted resisting which is an automatic lesser." Tr. 69. After hearing argument from the State, the court added, "at this point I think you can make an argument that [Stansberry] attempted to obstruct, interfere, whatever, and that the pepper spray kept him from doing it." Tr. 70–71.

At the conclusion of the trial, the court found Stansberry not guilty of Operating a Motor Vehicle After License Forfeited for Life. As to his Resisting Law Enforcement charge, the trial court stated that "I'm satisfied that the attempted resisting was forcible." Tr. 119. It then found him guilty of "attempted resisting law enforcement." Tr. 120.

Stanberry was sentenced on February 7, 2011. For this conviction, the trial court sentenced Stansberry to 192 days in the Marion County Jail, but awarded him credit time and credit for time served for the 96 days he had already spent incarcerated awaiting trial. He was therefore re-

---

1. The trial court entertained Stansberry's motion before the State had rested and while it was waiting for the State to locate a witness.

leased on that conviction. However, due to his conviction, the trial court revoked his probation and placement in Marion County Community Corrections, and ordered that he serve the balance of his sentence for previous convictions (831 days) in the Department of Correction ("DOC"). Stansberry now appeals.

## Discussion and Decision

### Standard of Review

When reviewing the sufficiency of the evidence, we will affirm "if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Wright v. State*, 828 N.E.2d 904, 906 (Ind.2005) (quoting *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind.2004)). We do not reweigh the evidence or assess the credibility of the witnesses. *Id.* It is the role of the trial court to determine whether the evidence sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. *Id.*

### Resisting Law Enforcement

Stansberry was charged with Resisting Law Enforcement, which is defined by the Indiana Code, in pertinent part,[2] as follows:

(a) A person who knowingly or intentionally:

(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties;

. . .

commits resisting law enforcement, a Class A misdemeanor[.]

I.C. § 35–44–3–3.

 A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so. I.C. § 35–41–2–2(a). A person engages in conduct "knowingly" if, when he engages in conduct, he is aware of a high probability that he is doing so. I.C. § 35–41–2–2(b). We have previously said that the word "resist" means "to stand against or to withstand", the word "obstruct" means "to interpose obstacles or impediments or in any manner prevent" and the word "interference" "encompasses actions calculated in any appreciable degree to hamper or impede police officers in the performance of their duties." *McCaffrey v. State*, 605 N.E.2d 241, 243 (Ind.Ct.App. 1992) (quoting 58 Am.Jur.2d *Obstructing Justice* § 75). "A person attempts to commit a crime when, acting with the culpability required for the commission of a crime, he engages in conduct that constitutes a substantial step toward the crime's commission." I.C. § 35–41–5–1.

 Furthermore, the term "forcibly" modifies "resists, obstructs, or interferes." *Spangler v. State*, 607 N.E.2d 720, 723 (Ind.1993). Thus, the word "forcibly" is a word descriptive of the type of resistance proscribed by law, and "[r]esistance, obstruction, or interference with force is the action the statute addresses." *Id.* One "forcibly resists" law enforcement when "strong, powerful, violent means are used to evade a law enforcement officials rightful exercise of duties." *Id.* However, the force necessary to sustain a conviction need not rise to the level of mayhem, and

**2.** Stansberry was charged as follows: "Bruce Stansberry, on or about November 4, 2010, did knowingly and forcibly resist, obstruct, or interfere with M. Perkins, a law enforcement officer empowered by the Indianapolis Metropolitan Police Department, while M. Perkins was lawfully engaged in the execution of his duties as a law enforcement officer[.]" App. 15.

our supreme court has acknowledged that a "modest level of resistance" may suffice. *Graham v. State*, 903 N.E.2d 963, 965 (Ind. 2009) (citing *Johnson v. State*, 833 N.E.2d 516, 517 (Ind.Ct.App.2005)).

Thus, Indiana courts have grappled with the issue of when resistance, obstruction, or interference rises to the level of forcible resistance, obstruction, or interference. Passive inaction is insufficient because refusing to present one's arms for handcuffing, *id.* at 966, or refusing to stand, without more, is not forcible resistance, obstruction, or interference. *A.C. v. State*, 929 N.E.2d 907, 911 (Ind.Ct.App. 2010). Even if passive resistance requires police officers to use force, it is insufficiently forceful. *See, e.g., Colvin v. State*, 916 N.E.2d 306, 307–09 (Ind.Ct.App.2009) (refusing to comply with officers' commands to remove hands from pockets not forcible resistance even though officers had to physically place defendant on the ground), *trans. denied; Braster v. State*, 596 N.E.2d 278, 280 (Ind.Ct.App.1992) (defendant remained standing after being ordered to lie on the floor and the officer swept defendant's legs out from underneath him), *trans. denied.*

Moreover, even if a defendant's resistance, obstruction, or interference is not passive, it still may still fall short of being considered "forcible." In *Spangler,* 607 N.E.2d at 724, when a sheriff's deputy attempted to serve the defendant with process, the defendant told the officer "I told you not to bother me at work ... You're not going to give them to me here ... Don't you ever bother me at work again." *Id.* at 721. The defendant then turned around and walked away from the officer. *Id.* The deputy told the officer to "come back here" but Spangler only stopped long enough to express his dissatisfaction with the deputy and told him "I'm not going to take those papers here, don't bother me."

*Id.* Our supreme court held that this was resistance, but not forcible resistance. *Id.* at 724–25; *see also Ajabu v. State,* 704 N.E.2d 494, 495–96 (Ind.Ct.App.1998) (defendant resisted but not forcibly when he twisted and turned a little bit, and, even after being sprayed with mace, held onto a flag the officer was attempting to recover).

On the other hand, we have held that the action of placing one's hands on the casing of a doorway to resist leaving the house is forceful. *Wellman v. State,* 703 N.E.2d 1061, 1064 (Ind.Ct.App.1998). So, too, is the action of turning away from and using one's shoulders to push officers away as well as stiffening one's body to prevent entry into a transport vehicle. *Johnson v. State,* 833 N.E.2d 516, 518–19 (Ind.Ct.App. 2005). Adhering to the rule that the statute requires only modest levels of force, our supreme court has indicated that merely stiffening one's arms instead of presenting them for handcuffing suffices for force. *Graham,* 903 N.E.2d at 966. Additionally, we recently held that merely showing strength and a threat of violence is sufficient to prove forcible resistance, obstruction, or interference. *Pogue v. State,* 937 N.E.2d 1253, 1258 (Ind.Ct.App. 2010) ("[defendant's] act of displaying a box cutter throughout his interaction with [a police officer] coupled with his refusal to drop the box cutter when instructed to do so amounted to a visual showing of strength and a threat of violence sufficient to prove forcible resistance, obstruction, or interference"), *trans. denied.*

Here, the trial court stated that "I'm satisfied that the attempted resisting was forcible" (Tr. 119). Thus the trial court expressly found that Stansberry did not resist, obstruct, or interfere with Officer Perkins's execution of his duties. If we were working on a blank slate we may have reached a different conclusion on these facts. However, given the trial

court's findings, Stansberry could not be convicted of Resisting Law Enforcement.

■ Nor may he be convicted of "Attempted Resisting Law Enforcement." The statute at issue here criminalizes resistance, obstruction, or interference with force. *Spangler*, 607 N.E.2d at 723. The trial court found that Stansberry acted with force. However, the trial court found that Stansberry did not resist, obstruct, or interfere. Because "forcibly" only modifies the type of resistance, obstruction, or interference actionable under the criminal code, it cannot serve as a separate element that would, without more, support an included offense of attempt.[3]

Moreover, we observe that the very nature of the offense of Resisting Law Enforcement is almost necessarily one of an attempt to elude the exercise of law enforcement duties. Short of escape, almost any action one takes towards thwarting law enforcement is necessarily one of an attempt. It is actionable when it is coupled with force. By finding that Stansberry did not resist, obstruct, or interfere, then, the trial court, as the finder of fact, essentially concluded that Stansberry's actions fell short of the modest level of resistance necessary to sustain a conviction.

### Conclusion

■ It is a cornerstone of our judicial system that a defendant is innocent until proven guilty and the State bears the burden of proving every element of the offense. *Fields v. State*, 676 N.E.2d 27, 29–30 (Ind.Ct.App.1997), *trans. denied.* Stansberry's conviction lacked a finding of proof on one element, that of resistance, obstruction, or interference, and thus it must be reversed. Moreover, because the trial court's decision to revoke Stansberry's probation and his placement in Marion County Community Corrections was predicated upon his conviction for "Attempted Resisting Law Enforcement" these rulings must be reversed as well. We remand the matter to the trial court to determine Stansberry's eligibility for credit time and credit for time served in the DOC before placing him back on probation and in Marion County Community Corrections.

Reversed and remanded with instructions.

MATHIAS, J., and CRONE, J., concur.

---

**3.** During its consideration of Stansberry's motion for involuntary dismissal, the trial court incorrectly stated that "attempted resisting ... is an automatic lesser." Tr. 69. "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." I.C. § 35–41–5–1. An attempt to commit the offense charged is an "included offense." I.C. § 35–41–1–16. It is not a lesser included offense. *See* I.C. § 35–41–5–1 ("An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted"). Nor is it necessarily "automatic" because even though an attempted crime is inherently included in the complete offense, the trial court must still examine whether there is a "serious evidentiary dispute" concerning an element distinguishing the offense from the attempt. *Ledesma v. State*, 761 N.E.2d 896, 899 (Ind.Ct.App.2002) (citing *Wright v. State*, 658 N.E.2d 563, 566–67 (Ind. 1995)); *also Ocelotl–Toxqui v. State*, 793 N.E.2d 271, 274 (Ind.Ct.App.2003) (holding that a defendant charged in a bench trial with the complete offense cannot automatically be convicted of the attempt without an evaluation of the *Wright* test and a determination that the evidence is such that a finding could be made that "the attempt was committed but the charged crime was not completed.").