# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEMETRIUS WALKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1205-CR-380 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
Cause No. 49F10-1203-CM-19943

**January 30, 2013**

**OPINION – FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Demetrius Walker (Walker), appeals his conviction for resisting law enforcement, a Class A misdemeanor, Ind. Code § 35-44.1-3-1.[1]

We affirm.

## ISSUE

Walker raises one issue on appeal which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain his conviction.

## FACTS AND PROCEDURAL HISTORY

At approximately 12:25 a.m. on March 25, 2012, Officer Jason Ehret (Officer Ehret) of the Indianapolis Metropolitan Police Department was dispatched to a fight in progress. At the intersection of South Sheffield Avenue and West Ray Street, the Officer was flagged down by a group of twenty-five to thirty people. He noticed two men, later identified as Cory Finch (Finch) and Walker, standing at the intersection, "[y]elling and cussing back and forth at each other." (Transcript p. 8). At the time the Officer arrived, Walker appeared to walk away from Finch. However, Finch "was yelling towards" Walker and Walker then started walking back to Finch. (Tr. p. 8). Officer Ehret ordered the men to stay separate and then lay flat on the ground. Walker and Finch ignored the order and continued to move towards each other. Finch "threw a punch towards [Walker][;]" Walker retaliated and "they threw a couple more" for about ten to fifteen

---

[1] At the time of Walker's offense, resisting law enforcement was codified at Ind. Code § 35-44-3-3. However, effective July 1, 2012, Public Law 126-2012 repealed that section and codified the offense under I.C. § 35-44.1-3-1. The Legislature did not alter the language or the requirements of the offense.

seconds. (Tr. p. 9). Officer Ehret repeatedly ordered the men to stop fighting and to lay on the ground. Finally, the Officer gave them a final warning, announcing that if they refused to comply they would be tased. Once the Officer said "tased," Finch dropped to the ground with his arms out flat. (Tr. p. 11). Walker turned towards the Officer "with his clinched fists, and kind of stared at [the Officer] for a second, and then walk[ed] towards [him]. (Tr. p. 11). The Officer repeated his instruction to drop to the ground, but Walker continued to walk towards him with his "arms and fists [] clinched in an aggressive manner." (Tr. p. 11). When Walker was about three to four feet away from the Officer, the Officer tased Walker. Walker fell to the ground and submitted to being handcuffed without incident.

On March 25, 2012, the State filed an Information charging Walker with Count I, resisting law enforcement, a Class A misdemeanor, I.C. § 35-44.1-3-1 and Count II, disorderly conduct, a Class B misdemeanor, I.C.§ 35-45-1-3. On April 18, 2012, the trial court conducted a bench trial. At the close of the State's evidence, Walker moved for involuntary dismissal of both Counts. The trial court denied the motion as to Count I but granted the motion as to Count II. After Walker rested, the trial court found him guilty of Count I and sentenced Walker to ninety days in the Marion County Jail.

Walker now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Walker contends that the State failed to present sufficient evidence to sustain his conviction for resisting law enforcement. When reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor assess the credibility of the witnesses.

3

*Vanderlinden v. State*, 918 N.E.2d 642, 644 (Ind. Ct. App. 2009), *trans. denied*. We may look only to the evidence most favorable to the judgment and reasonable inferences therefrom and will affirm if we conclude that evidence of probative value exists such that a reasonable fact finder could find the elements of the underlying crime proven beyond a reasonable doubt. *Id.*

To convict Walker of resisting law enforcement as a Class A misdemeanor, the State was required to establish beyond a reasonable doubt that Walker knowingly or intentionally forcibly resisted, obstructed, or interfered with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties. *See* I.C. § 35-44.1-3-1. Focusing on the "forcibly resisting" element of the charge, Walker argues that because he did not physically resist the Officer but merely disobeyed his command to drop to the floor, he cannot be found guilty under the statute.

Indiana courts have grappled with the issue of when resistance, obstruction, or interference rises to the level of forcible resistance, obstruction or interference. In *Spangler v. State*, 607 N.E.2d 720, 723 (Ind. 1993), our supreme court clarified that "forcibly modified the entire string of verbs in that particular section of the statute, due to the placement of the adverb before the string of verbs in that particular section." As such, the supreme court noted that "one forcibly resists law enforcement when strong, powerful, violent means are used to evade a law enforcement officer's rightful exercise of his or her duties." *Id.* We tempered the *Spangler* definition of forceful in *Johnson v. State*, 833 N.E.2d 516, 519 (Ind. Ct. App. 2005), when we stated that "our jurisprudence has not read 'violent' to mean that which is thought of in common parlance." We

4

concluded that "until we are instructed otherwise by our [s]upreme [c]ourt, we see no reason to apply what appears to be an overly strict definition of 'forcibly resisting[.]'" *Id.* Our supreme court relied on *Johnson,* when it declared that "the force involved need not rise to the level of mayhem" and recognized that a "modest level of resistance may suffice." *Graham v. State*, 903 N.E.2d 963, 965 (Ind. 2009).

On the other hand, passive inaction is insufficient to rise to the level of forcible resistance. In *A.C. v. State*, 929 N.E.2d 907, 911 (Ind. Ct. App. 2010), we determined that refusing to stand, without more, does not trigger the statute. Even if passive resistance requires police officers to use force, it is insufficiently forceful. *See*, *e.g., Colvin v. State*, 916 N.E.2d 306, 307-09 (Ind. Ct. App. 2009), *trans. denied* (refusing to comply with officers' commands to remove hands from pockets is not forcible resistance even though officers had to physically place defendant on the ground); *Braster v. State*, 596 N.E.2d 278, 280 (Ind. Ct. App. 1992), *trans. denied* (defendant remained standing after being ordered to lie on the floor and the officer swept defendant's legs out from underneath him).

Moreover, even if a defendant's resistance, obstruction, or interference is not passive, it still may fall short of being considered "forcible." In *Spangler*, 607 N.E.2d at 721, when a sheriff's deputy attempted to serve the defendant with process, the defendant told the officer "I told you not to bother me at work . . . Don't you ever bother me at work again." The defendant then turned around and walked away from the officer. *Id.* Even though the officer told Spangler to "come back here," Spangler refused. *Id.* The *Spangler* court held that this was resistance, but not forcible resistance. *Id.* at 724-25.

5

However, adhering to the rule that the statute requires only modest levels of force, our supreme court has indicated that merely stiffening one's arms instead of presenting them for handcuffing suffices for force. *Graham*, 903 N.E.2d at 966.

Recently, in *Pogue v. State*, 937 N.E.2d 1253, 1258 (Ind. Ct. App. 2010), *trans. denied*, we declared that merely showing "strength and a threat of violence" is sufficient to prove forcible resistance, obstruction, or interference. In *Pogue*, a police officer ordered the defendant to drop a box cutter that he was holding. *Id*. at 1256. When Pogue attempted to move the box cutter unto his pocket, the officer tackled Pogue to the ground. *Id*.

In *Stansberry v. State*, 954 N.E.2d 507, 509 (Ind. Ct. App. 2011), the defendant pulled his shirt over the top of his head and charged at the officer from ten feet away. The officer drew his pepper spray and announced that he would spray Stansberry if he continued moving closer. *Id*. Stansberry disobeyed and kept charging, so the officer sprayed him in the face from six feet away. *Id*. After citing to *Pogue* with approval, the *Stansberry* court nevertheless reversed the conviction:

> Here, the trial court stated that "I'm satisfied that the attempted resisting was forcible." Thus the trial court expressly found that Stansberry did not resist, obstruct, or interfere with [the officer's] execution of his duties. If we were working on a blank slate, we may have reached a different conclusion on these facts. However, given the trial court's findings, Stansberry could not be convicted of [r]esisting [l]aw [e]nforcement.

*Id*. at 511.

The situation before us clearly falls within *Pogue* and its progeny. After Officer Ehret told Walker and Finch that he would use his tazer if they failed to comply with his

6

order to drop to the ground, Walker disobeyed. Instead, Walker turned towards the Officer, stared at him, clinched his fists in an aggressive manner, and started walking towards him. Officer Ehret continued to demand Walker to drop to the floor, but when Walker was three to four feet away from the Officer, the Officer deployed his tazer. By these actions, we conclude that Walker displayed his "strength and a threat of violence" to satisfy the charge of forcibly resisting law enforcement. *See Pogue*, 937 N.E.2d at 1258.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to sustain Walker's conviction.

Affirmed.

BAKER, J. and BARNES, J. concur